**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2028
_____

ROLLOCK COMPANY, A Corporation;
ANTHONY KORDELL, an individual;
CHRISTOPHER KORDELL, an individual,
Appellants,

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00162)
District Judge: Honorable Cathy Bissoon

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2015

BEFORE: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed November 3, 2015)

_____

OPINION[*]

FUENTES, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Plaintiffs-Appellants, Anthony Kordell, Chris Kordell, and the Rollock Company, appeal the District Court's dismissal of their claims asserted against the United States seeking recovery of taxes, penalties, and interest, which Appellants allege were wrongly assessed against them. The District Court dismissed the complaint for lack of subject matter jurisdiction.[1] For the following reasons, we affirm.

## I.

Anthony and Christopher Kordell (the "Kordells"), shareholders and officers of Rollock Company ("Rollock"), owned a tract of land in Somerset, Pennsylvania, which was leased to Rollock for the operation of its scrap metal business. On September 11, 2001, the crash of Flight 93 occurred approximately three hundred yards from Rollock's principal place of business. After the incidents of September 11th, the Kordells claim that they received a notice from the IRS in early 2002, designating the Rollock property as a "September 11th case." Based on this notice, Plaintiffs claim that they were exempted from filing federal tax returns and depositing employee withholdings on behalf of Rollock and its employees from January 1, 2002 through September 30, 2009. Plaintiffs further contend that a safe containing the 2002 written notice was stolen from the Rollock property in 2005. Thus, they claim that no formal proof of this alleged notice from the IRS exists. Plaintiffs also contend that they received no further communication

---

[1] Prior to the District Court's dismissal of the complaint for lack of subject matter jurisdiction, Plaintiffs asserted jurisdiction below pursuant to 28 U.S.C. §§ 1346(a)(1) and 1367(a). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

from the IRS until 2009, when the agency called to inquire about the status of their tax returns.

After receiving the IRS's inquiry, Rollock filed its employment tax returns and paid the IRS $550,000 in September 2009. Rollock also requested that the IRS credit this amount toward its outstanding tax liabilities. However, the IRS later notified Rollock that it still owed over $600,000 in outstanding tax liability. Shortly after, Rollock submitted an IRS Form 843, requesting an abatement of interest and penalties. Then, in October of 2010, Rollock filed an IRS Form 656 Offer in Compromise ("OIC"). In the OIC, Rollock offered a proposed monthly payment plan of $10,000 to satisfy its outstanding tax obligations. Around the same time, the Kordells settled a Trust Fund Recovery Penalty Assessment with the IRS for $219,000. This Assessment encompassed certain liabilities incurred by the Kordells as responsible persons of Rollock for unpaid taxes that Rollock owed from 2007 through 2009.

Eventually, the IRS rejected Rollock's proposed 2010 OIC. Rollock then submitted yet another OIC in 2011, which the IRS also rejected. Although Plaintiffs argue that Rollock continued to make payments to satisfy its outstanding liability, the IRS issued a notice, stating that Rollock still owed the IRS approximately $876,000. The IRS also notified Plaintiffs that their 2011 federal income tax refund would be applied to their default for the 2003 tax year. With their tax dispute unresolved, Plaintiffs filed the instant complaint against the government, primarily seeking "recovery of taxes, penalties

3

and interest erroneously, improperly, and illegally assessed and collected."[2]  At the time that the complaint was filed, Plaintiffs claim to have paid the IRS approximately $1,057,000 toward any outstanding tax liability.

## II.

In relevant part, I.R.C. § 7422(a) provides that no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed "until a claim for refund or credit has been duly filed with the Secretary."  In granting the government's motion to dismiss for lack of subject matter jurisdiction, the District Court held that Plaintiffs failed to file a timely tax refund claim with the IRS, as required under I.R.C. § 7422, prior to bringing suit.  Although the District Court concluded that it is feasible for a party to file an informal administrative refund claim to satisfy the claim-filing prerequisite, the Court held that Plaintiffs failed to establish communications with the IRS sufficient to demonstrate the existence of such an informal claim.[3]

---

[2] In addition, Appellants brought a claim seeking relief under the Declaratory Judgment Act, which the District Court also dismissed for lack of subject matter jurisdiction.  The dismissal of that claim, however, is not raised in this appeal.

[3] As the District Court noted below, the parties do not dispute that Appellants did not file a formal refund claim using the designated IRS form.

4

We, too, find that Plaintiffs have failed to show that any "minimum amount of communication" with the IRS took place to establish an informal claim.[4] As the District Court noted, the Form 843 simply indicates that Plaintiffs were seeking a tax abatement, not a refund. Moreover, the two letters from the IRS to Rollock informed the company that the IRS was denying its request for penalty adjustment. Those letters did not, however, mention any potential claim for a tax refund. Additionally, the OICs were proposed plans for future payments and not requests for refunds. Similarly, neither the requests for accounting nor the appeal of the IRS's treatment of Plaintiffs' 2011 tax refund contain any communication sufficient to place the IRS on notice that Plaintiffs were seeking a tax refund. In sum, nothing in the record suggests that Plaintiffs satisfied the IRC's claim-filing prerequisite before bringing suit in federal court. The District Court thus properly concluded that it lacked subject matter jurisdiction over Plaintiffs' claims.

## III.

We have carefully reviewed Plaintiffs' remaining arguments and find that they have no merit. We therefore affirm the District Court's order for substantially the same reasons set forth in the thorough and persuasive opinion below.

---

[4] *See D'Amelio v. United States*, 679 F.2d 313, 315 (3d Cir. 1982).

5